UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS,

    Plaintiff,

v.

DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT, DETROIT BOARD OF EDUCATION, IRIS TAYLOR, ANGELIQUE PETERSON-MAYBERRY, MISHA STALLWORTH, DEBORAH HUNTER-HARVILL, GEORGIA LEMMONS, CORLETTA J. VAUGHN, SONYA MAYS, NIKOLAI VITTI, LARRY GRAY II, BELINDA HICKS, EVEGE JAMES, KENNETH WILLIAMS, YULOUNDA RICKS, MICHELLE GOODWIN, CHARLENE MALLORY, EDWINA DORTCH, AISHA SCOTT, BEN JACKSON, LORI CORBIN, LAWRENCE RUDOLPH, LUIS SOLANO, and DOES,

    Defendants.
_____/

Case No. 4:20-cv-10922
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 22)**

I.  Introduction

1

This case alleges a myriad of violations of federal and state law stemming from the employment of *pro se* plaintiff, John Harris, by defendant Detroit Public Schools Community District (hereinafter DPSCD). Harris is suing the DPSCD and several individuals associated with the DPSCD. In broad terms, Harris alleges that he was harassed, retaliated against, and ultimately terminated from his employment. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 13). Harris has filed a motion for summary judgment on all counts. (ECF No. 22.) For the reasons that follow, the undersigned recommends that Harris' motion be DENIED.

## II.  Background

On April 13, 2020 Harris filed a complaint with attached exhibits. (ECF No. 1). On November 23, 2020, the DPSCD filed an answer and affirmative defenses. (ECF No. 16). On November 30, 2020, the individual defendants filed an answer and affirmative defenses. (ECF No. 17). On December 28, 2020, Harris filed the instant motion for summary judgment. (ECF No. 22).

## III.  Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  A moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  "[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984)).

## IV.  Analysis

Harris has not met his high burden to establish that he is entitled to summary judgment.  His motion is simply a narrative of the events as Harris perceives them and he does not attach any evidence in support of his motion.  Rather, it appears that Harris relies on his complaint[1] and the exhibits attached to the complaint argue that there are no disputed factual issues in this case.  (ECF No. 22, PageID.472).  Neither the complaint nor the exhibits by themselves establish that Harris is entitled to summary judgment.  Moreover, to the extent that Harris' motion is

---

[1] Harris appears to suggest that he filed a "verified complaint."  A review of the complaint, however, shows that Harris did he attach any verification to the complaint. Thus, the complaint is not a verified complaint.

premised on the notion that defendants needed to put forth evidence in their answers to the complaint, he is mistaken. The purpose of an answer is to respond to the allegations in the complaint in short and plain terms, not to provide evidence. *See* Fed. R. Civ. P. 8(b). Defendants' answers conform with Rule 8.

V. Conclusion

For the reasons stated above, the undersigned recommends that Harris' motion for summary judgment (ECF No. 22) be DENIED.

Dated: January 8, 2021         s/Kimberly G. Altman
Detroit, Michigan                 KIMBERLY G. ALTMAN
                                       United States Magistrate Judge

**PROCEUDRE ON OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.   If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 8, 2021.

s/Marie E. Verlinde  
MARIE E. VERLINDE  
Case Manager

5