UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS,

      Plaintiff,                                Case No. 20-cv-10922
                                                    Hon. Matthew F. Leitman

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, *et al.*,

      Defendants.

_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF Nos. 21, 24) TO REPORTS AND RECOMMENDATIONS (ECF Nos. 20, 23); (2) DENYING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (ECF No. 15); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 22); AND (4) DENYING PLAINTIFF'S MOTION FOR CORRECTION OF PROCEDURAL LAW (ECF No. 25)

On April 13, 2020, Plaintiff John Isaac Harris filed this action against Defendant Detroit Public Schools Community District (the "DPS") and others. (*See* Compl., ECF No. 1.)  In summary, Harris claims that he was harassed, retaliated against, and fired from a job he held with the DPS. (*See id.*)  Certain motions and objections to reports and recommendations issued by the assigned Magistrate Judge are now pending before the Court.  They are addressed in turn below.

**I**

On October 14, 2020, Harris filed a request with the Clerk of the Court in which he asked the Clerk to enter a default against DPS. (*See* Req., ECF No. 11.)

1

The Clerk denied the request on October 15, 2020, because Harris had failed to file proof that he had served his Complaint on DPS. (*See* Denial, ECF No. 12.)  Despite the Clerk's denial, on November 10, 2020, Harris filed a motion for a default judgment against DPS. (*See* Default Judgment Mot., ECF No. 15.)

On December 10, 2020, the assigned Magistrate Judge issued a report and recommendation in which she recommended that the Court deny the Default Judgment Motion (the "Default Judgment R&R"). (*See* Default Judgment R&R, ECF No. 20.)  In the Default Judgment R&R, the Magistrate Judge explained that "[e]ntry of a default is a prerequisite to entry of a default judgment against a party." (*Id.*, PageID.455, citing *Shephard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).)  And the Magistrate Judge pointed out that Harris had applied for, but was denied, a default. (*See id.*)  Thus, because Harris had not first obtained a default, the Magistrate concluded that Harris was not entitled to the entry of a default judgment. (*See id.*)

Harris filed objections to the Default Judgment R&R on December 15, 2020 (the "Default Judgment Objections"). (*See* Default Judgment Objections, ECF No. 21.)   In the Default Judgment Objections, Harris asks the Court to "overrule the [Default Judgment R&R]." (*Id.*, PageID.470.)

The Default Judgment Objections are difficult to follow.  To the extent that the Court can discern an argument in the objections, Harris appears to be objecting,

2

generally, to the entirety of the Magistrate Judge's conclusions of law.  Indeed, the bulk of the Default Judgment Objections simply restate the arguments that Harris raised in his motion for a default judgment.  That sort of objection does not provide a basis for relief. As the Sixth Circuit has explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec. of Health and Human Svs.*, 932 F.2d 505, 509 (6th Cir. 1991). Harris' general objection, if allowed, would lead to the precise type of "duplication of time and effort" that the Sixth Circuit warned against in *Howard*. *Id.*  And while Harris did purport to make at least two specifically-numbered objections, these objections, too, are general in nature and do not identify any particular reversible error in the Default Judgment R&R.

In any event, even if the Court were to reach the merits of Harris' objections, the Court would not grant him relief.  Simply put, Harris has not provided any basis to award him a default judgment where he has first failed to obtain a default. Moreover, Harris has not persuaded the Court that he was entitled to a default against DPS.

3

Accordingly, for all of the reasons stated above, the Court **OVERRULES** the Default Judgment Objections (ECF No. 21).  Harris' motion for a default judgment (ECF No. 20) is therefore **DENIED**.

## II

In addition to the proceedings described immediately above, Harris has also opened a second line of attack on the Default Judgment R&R.  On January 14, 2021, Harris filed what he calls a "Motion for Correction of Procedural Law and the Lack of Fairness Pursuant to Fed. R. Civ. 55(a) by the Clerks" (the "Rule 55(a) Motion"). (*See* Rule 55(a) Motion, ECF No. 25.)  In that motion, Harris again asks the Court to "overrule the [Default Judgment R&R]." (*Id.*, PageID.665.)

The Rule 55(a) Motion fails for two independent reasons.  First, for all of the reasons described above, Harris has not persuaded the Court that the Magistrate Judge erred when she concluded that he was not entitled to a default judgment. Second, Harris has not shown an entitlement to relief under Rule 55(a).  That rule provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. Rule. Civ. Proc. 55(a). The rule does not provide any authority for the Court to "overrule" a report and recommendation.  Thus, the rule is not a proper way to raise an objection to a report

4

and recommendation.  For these independent reasons, the Rule 55(a) Motion is **DENIED**.

### III

On December 28, 2020, Harris filed a motion for summary judgment. (*See* Mot. for Summ. J., ECF No. 22.)  On January 8, 2021, the Magistrate Judge issued a report and recommendation in which she recommended that the Court deny the motion (the "Summary Judgment R&R"). (*See* Summary Judgment R&R, ECF No. 23.)  In the Summary Judgment R&R, the Magistrate Judge explained that Harris had failed to support his summary judgment motion with any evidence apart from references to his Complaint (which was not verified) and the exhibits attached to his Complaint. (*See id.*, PageID.501.)  The Magistrate therefore recommended that the Court deny the motion based on Harris' failure to support it. (*See id.*)

Harris filed objections to the Summary Judgment R&R on January 12, 2021 (the "Summary Judgment Objections"). (*See* Summary Judgment Objections, ECF No. 24).  As with the other filings described above, the Summary Judgment Objections are difficult to follow and appear to do little more than repeat Harris' general belief that he is entitled to summary judgment.  However, Harris is plainly not entitled summary judgment at this stage.   He has not supported his motion for summary judgment with sufficient competent evidence.  Accordingly, the Court

**OVERRULES** the Summary Judgment Objections (ECF No. 24).  Harris' motion for summary judgment (ECF No. 22) is therefore **DENIED**.

## IV

Finally, throughout the filings discussed above, Harris has repeatedly questioned the motives and impugned the character of the assigned Magistrate Judge.  Those personal attacks are groundless and have no place in this action.  The Court has carefully reviewed Harris' submissions, and the Magistrate Judge's recommendations, and her rulings accurately state the law and fairly adjudicate Harris' requests.   As this litigation continues, the Court will carefully, conscientiously, and fairly review any legal and/or factual arguments that Harris wishes to present.  But the Court will not tolerate continued baseless assaults on the integrity of the assigned Magistrate Judge.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  January 15, 2021          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 15, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764