UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS,

    Plaintiff,

v.

DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT, DETROIT BOARD OF EDUCATION, IRIS TAYLOR, ANGELIQUE PETERSON-MAYBERRY, MISHA STALLWORTH, DEBORAH HUNTER-HARVILL, GEORGIA LEMMONS, CORLETTA J. VAUGHN, SONYA MAYS, NIKOLAI VITTI, LARRY GRAY II, BELINDA HICKS, EVEGE JAMES, KENNETH WILLIAMS, YULOUNDA RICKS, MICHELLE GOODWIN, CHARLENE MALLORY, EDWINA DORTCH, AISHA SCOTT, BEN JACKSON, LORI CORBIN, LAWRENCE RUDOLPH, LUIS SOLANO, and DOES,

    Defendants.
_____/

Case No. 4:20-cv-10922
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

**<u>REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR DEFAULT AND DEFAULT JUDGMENT (ECF No. 29)</u>**

I.  Introduction

1

This case involves a myriad of violations of federal and state law stemming from the employment of *pro se* plaintiff, John Harris, by defendant Detroit Public Schools Community District (hereinafter DPSCD) and various individuals. In broad terms, Harris alleges that he was harassed, retaliated against, and ultimately terminated from his employment. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 13). Before the Court is Harris' second motion for entry of a default and the entry of a default judgment against DPSCD. (ECF No. 29). For the reasons that follow, the undersigned recommends that Harris' motion be DENIED.

## II.  Background

This is Harris' second motion for entry of a default and the entry of a default judgment against DPSCD. Harris's first motion was filed on November 10, 2020. (ECF No. 15). The undersigned issued a report and recommendation, recommending that the motion be denied. (ECF No. 20). This recommendation was adopted in an order entered on January 15, 2021. *See* ECF 27. The Court explained: (1) "Harris has not provided any basis to award him a default judgment where he has first failed to obtain a default" and (2) "Harris has not persuaded the Court that he was entitled to a default against [DPSCD]." (ECF No. 27, PageID.677).

2

On January 19, 2021, Harris filed the instant motion for entry of a default and the entry of a default judgment against DPSCD.  (ECF No. 29).  Harris relies on receipts for certified mail signed by Robert Lopez, a mail clerk at the DPSCD, which are dated October 11, 2020.  Harris therefore argues that DPSCD accepted service on October 11, 2020, and that their answer, which was not filed until November 23, 2020, was late.  (*Id*.).  Due to the untimeliness of DPSCD's answer, Harris again requests entry of a default and the entry of a default judgment against DPSCD.  (*Id*.)

On January 29, 2021, DPSCD filed a response to Harris' motion.  DPSCD explains that Lopez mistakenly dated the receipts for certified mail October 11, 2020, when they should have been dated November 11, 2020.  DPSCD reiterates that Harris' complaint was received on November 11, 2020 and that their answer was timely.  (ECF No. 33).

### III.  Analysis

When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  The clerk's entry of default is "the first procedural step on the road to obtaining a default judgment."  *Shephard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).  The second step is to file a motion for default judgment against the nonresponsive party under Federal Rule of Civil

3

Procedure 55(b).  Fed. R. Civ. P. 55.  When considering a default judgment motion, courts in the Sixth Circuit consider "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

     Harris moves the Court to enter a default and then a default judgment against DPSCD.  DPSCD is not a nonresponsive party.  It has filed an answer as well as responses to several motions.  As explained in its response to the instant motion, DPSCD did not receive the summons and complaint in this matter until November 11, 2020.  DPSCD says that Lopez mistakenly dated the receipts for certified mail as being received on October 11, 2020, instead of November 11, 2020.  DPSCD's explanation is credible considering that October 11, 2020, was a Sunday and, as DPSCD asserts "the mail room was not open, nor would mail room clerk, Robert Lopez, have been at work to accept certified mail on a Sunday." (ECF No. 33, PageID.751).  Moreover, November 11, 2020 was a Wednesday, a day when the mail room would be open and Lopez would be at work to accept service.  Thus, DPSCD was served with the complaint on November 11, 2020, and its answer, filed on November 23, 2020, was therefore timely.  (ECF No. 14).  As such, there is no basis to enter a default against DPSCD.

Furthermore, the Sixth Circuit cautions: "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). This is not an extreme case. Even if DPSCD did receive the summons and complaint on October 11, 2020, its answer was only a few weeks late. Entry of a default judgment in such a situation would not be appropriate. This is particularly true because Harris is unable to demonstrate any prejudice resulting from a brief delay in an answer being filed. Accordingly, Harris' second motion for entry of a default and entry of a default judgment as to DPSCD should be denied.

IV. Conclusion

For the reasons stated above, the undersigned recommends that Harris' second motion for entry of a default and entry of a default judgment as to DPSCD be DENIED.

Dated: March 1, 2021　　　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of

5

appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2021.

                                      s/Marie E. Verlinde
                                      MARIE E. VERLINDE
                                      Case Manager