UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ISAAC HARRIS,

    Plaintiff,

                                                                                                        Case No. 20-cv-10922
                                                                                   Hon. Matthew F. Leitman

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT, *et al.*,

    Defendants.

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF Nos. 52, 53); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 51); (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 49); AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 40, 47)**

Plaintiff John Isaac Harris is a former employee of Defendant Detroit Public Schools Community District (the "DPSCD"). Harris says that he was harassed, retaliated against, and wrongfully fired from his teaching job with the DPSCD. (*See* Compl., ECF No. 1.) In this action, he brings several federal and state-law claims against the DPSCD and others. (*See id.*) Now pending before the Court are the parties' cross-motions for summary judgment. (*See* Harris Mots., ECF No. 40, 47; Def.s' Mot., ECF No. 49.)

1

The motions were referred to the assigned Magistrate Judge, and on September 10, 2021, she issued a Report and Recommendation in which she recommended that the Court (1) deny Harris' motions for summary judgment[1] and (2) grant Defendants' motion for summary judgment. (the "R&R"). (*See* R&R, ECF No. 51.)  After reviewing all of Harris' claims, she concluded that "Harris [had] failed to put forth evidence to create a genuine issue of material fact as to any of the claims asserted in his [C]omplaint.  Rather, the record show[ed] Harris ha[d] failed to make out any claims sufficient to survive summary judgment." (*Id.*, PageID.1595.)  At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to object to her recommendations, they needed to file specific objections with the Court within 14 days. (*See id.*, PageID.1595-1596.)

Harris filed timely objections to the R&R on September 14, 2021. (*See* Objections, ECF No. 52.)  He supplemented his objections with additional argument on December 21, 2021. (*See* Supp. Objections, ECF No. 53.)  The Court has carefully reviewed both Harris' initial objections and his supplemental objections, and it **OVERRULES** them.

---

[1] Harris filed both a "motion for summary judgment" (ECF No. 40) and an "amended motion for summary judgment" (ECF No. 47).  The Magistrate Judge reviewed and "considered Harris' amended motion for summary judgment as a supplemental brief to his original motion for summary judgment." (R&R at n.2, ECF No. 51, PageID.1570.)

"The filing of vague, general, or conclusory objections [to a report and recommendation] does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Indeed, such objections are considered "waived." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001) ("We conclude that Fields has waived any challenge to the district court's decision. Although Fields filed objections to the magistrate judge's report, the objections were conclusory and did not specifically address how the report's factual and legal recommendations were incorrect"). The Sixth Circuit has "explained the rationale behind this rule" as follows:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Zimmerman*, 354 F. App'x at 230 (quoting *Howard v. Secretary of Health and Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)). *See also Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) (overruling objections to report and recommendation and explaining that "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes

3

what has been presented before, is not an 'objection' as that term is used in this context").

Here, Harris' objections are general, vague, conclusory, and largely attack the entirety of the Magistrate Judge's recommendation rather than her specific legal conclusions. Indeed, the vast majority of Harris' objections and supplemental objections make no meaningful effort to show how the Magistrate Judge specifically erred in the R&R. Instead, he accuses Court staff of misconduct, attacks the qualifications and personal integrity of the Magistrate Judge,[2] attacks the system of referring motions for a report and recommendation, and repeatedly refers to a supposed fraud that is being perpetrated on the Court. (*See, e.g.*, Objections, ECF No. 52, PageID.1599-1605; Supplemental Objections, ECF No. 53, PageID.1619-1623.) Harris' attacks on the Court, its employees, and the R&R *writ large* are insufficient as a matter of law. The Court therefore considers Harris' objections waived.

---

[2] This is not the first time that Harris has attempted to impugn the integrity of the Magistrate Judge or other members of the Court's staff. As the Court previously told Harris, his "personal attacks are groundless and have no place in this action." (Order, ECF No. 27, PageID.680.) As the Magistrate Judge had done earlier in this action, even though she recommended ruling against him, she "fairly ajudicate[d]" the motions in front of her and did so without any bias toward Harris. (*Id.*)

To the extent that the Court can discern any specific objections that Harris has raised, they have no merit.  For example, Harris repeatedly argues in his objections that the Defendants engaged in substantial "discovery abuse," and he insists that these "forms of abusive discovery tactics led to [an] improper judgment" against him. (Objections, ECF No. 52, PageID.1606; *see also id.*, PageID.1612 (referring to Defendants' "abusive discovery tactics"); PageID.1615 (same).)  But Harris filed three separate motions to compel in which he raised these same complaints about Defendants' alleged "gamesmanship" and "trickery" during discovery. (Mot. to Compel, ECF No. 35, PageID.762-763. *See also* Mot. to Compel, ECF No. 36, PageID.775, accusing the Defendants of "acting dishonestly and fraudulently" during discovery; Mot. to Compel, ECF No. 37, PageID.797, accusing the Defendants of "being deceptive with their answers or responses to the Plaintiff's Second Set of Interrogatories.")  The Magistrate Judge denied all three of those motions in a single order, and Harris did not file an objection to that ruling with this Court. (*See* Order, ECF No. 41.)  Thus, to the extent that Harris complains about the Defendants' behavior during discovery, or the Magistrate Judge's resolution of his motions to compel, those objections come too late and are waived. *See* Fed. Rule Civ. Proc. 72(a) (explaining that "[a] party may serve and file objections to" a Magistrate Judge's order on a non-dispositive motion "within 14 days after being

served with a copy" of that order and that "[a] party may not assign as error a defect in the order not timely objected to.").

Harris also appears to repeatedly accuse the Magistrate Judge of "attempting to deceive [the] Court" by "refus[ing] to acknowledge" his response to Defendants' motion for summary judgment (ECF No. 50). (Objections, ECF No. 52, PageID.1608-1609.) But Harris is wrong. The Magistrate Judge did not "exclude" consideration of his response to Defendants' motion, as he now claims. (*Id.*) On the contrary, she specifically addressed arguments that Harris raised in that filing on at least two occasions in the R&R. (*See* R&R, ECF No. 51, PageID.1589, 1591.) Simply put, the Magistrate Judge did not ignore Harris' response to the Defendants' motion for summary judgment.

For all of these reasons, Harris' objections to the R&R (ECF Nos. 52, 53) are **OVERRULED**. Accordingly, **IT IS HEREBY ORDERED** that:

- Defendants' motion for summary judgment (ECF No. 49) is **GRANTED**; and
- (2) Harris' motions for summary judgment (ECF Nos. 40, 47) are **DENIED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2022

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 8, 2022, by electronic means and/or ordinary mail.

                                    s/Holly A. Ryan
                                    Case Manager
                                    (313) 234-5126